# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LORENZO J. DECARIA,**
**Claimant Below, Petitioner**

**vs.)   No. 15-1232** (BOR Appeal No. 2050538)
                            (Claim No. 2015004283)

**WEIRTON MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Lorenzo J. Decaria, by Michael A. Adams, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Weirton Medical Center, Inc., by Peter R. Rich, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 23, 2015, in which the Board affirmed a May 14, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 12, 2014, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Decaria was allegedly injured on July 7, 2014, when he was lifting a patient. Mr. Decaria went to Weirton Medical Center on August 2, 2014, claiming he was suffering from back pain as a result of lifting a patient three weeks prior. Mr. Decaria reported this injury for the first time to his supervisor, Susan Redish, on August 6, 2014. Natalie Beatty, Weirton Medical Center's Employee Health Nurse, was notified the following day, and an incident/accident investigation form was created. Mr. Decaria could not remember the exact date the injury occurred. He also could not remember in which patient room the incident occurred or with whom he was working at the time.

1

On September 12, 2014, the claims administrator rejected the claim, stating that Mr. Decaria failed to prove that he sustained an injury in the course of and resulting from his employment. The claims administrator further stated that there were sufficient inconsistencies and contradictions to conclude that Mr. Decaria was not injured in the course of and resulting from his employment. This conclusion was based on several medical records showing Mr. Decaria's extensive history with back injuries and his several inconsistent and vague statements about what occurred. Mr. Decaria appealed to the Office of Judges.

Denise M. Moodie, a registered nurse at Weirton Medical Center, prepared an affidavit for Mr. Decaria stating that she was the one with whom he was working on the night of the injury. Ms. Moodie stated that they were attempting to move a 300 pound patient who was on a ventilator when Mr. Decaria winced and grabbed his back, stating that he had severe pain. Upon further investigation, Ms. Beatty and Ms. Redish prepared affidavits for Weirton Medical Center. Ms. Beatty and Ms. Redish both stated that Mr. Decaria had not attempted to notify anyone of the injury for an entire month after it allegedly occurred. Weirton Medical Center has a policy that an employee must report an injury to a supervisor as soon as possible and to Employee Health within twenty-four hours. Further, Ms. Redish searched the hospital records for the night of the injury and was unable to find a patient matching Ms. Moodie's description. The heaviest patient of record only weighed 211 pounds and was not on a ventilator.

Inexplicably, the affidavits of Ms. Moodie and Ms. Redish were left off the list of evidence submitted by the employer. On March 20, 2015[1], the Office of Judges reversed the September 12, 2014, claims administrator's decision rejecting the claim. The Office of Judges opined that Weirton Medical Center made certain arguments in its closing statements but failed to include any evidence to corroborate those arguments. The Office of Judges found that the claim was compensable, citing Ms. Moodie's affidavit as ultimately being persuasive.

On March 24, 2015, Weirton Medical Center moved for reconsideration as the affidavits of Ms. Beatty and Ms. Redish had not been considered. The Office of Judges granted the motion on May 6, 2015, and the claim returned to litigation. On May 14, 2015, the Office of Judges vacated its previous Order and affirmed the September 12, 2014, decision of the claims administrator. The Office of Judges stated that while the affidavit of Ms. Moodie was persuasive, its evidentiary weight was overcome by the affidavits of Ms. Beatty and Ms. Redish. Ms. Redish conducted an investigation that showed that no patient matching Ms. Moodie's description was on the floor on the night of the alleged injury. When the Office of Judges issued its first order, the affidavits had not been in evidence and thus were not considered. At that time, Weirton Medical Center's closing statement was merely an argument and not evidence. With the inclusion of the affidavits, Weirton Medical Center's argument had become more persuasive than Mr. Decaria's. The Office of Judges concluded that Mr. Decaria did not suffer a compensable low back injury on July 7, 2014. The Board of Review adopted the findings of fact and conclusions of law and affirmed its Order on November 23, 2015.

---

[1] The May 14, 2015, Office of Judges Order incorrectly lists this date as March 3, 2015.

On appeal, Mr. Decaria argues that the affidavits of Ms. Beatty and Ms. Redish should not be considered because they were not included in a list of evidence submitted by Weirton Medical Center that was sent out as a courtesy by the Office of Judges. This argument is unpersuasive. The affidavits were timely submitted and were inexplicably left off the list. It is within the discretion of the Office of Judges to review the evidence submitted.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. On appeal, Mr. Decaria failed to submit reliable evidence that shows he suffered an injury that occurred in the course of and as a result of his employment. The affidavits of Ms. Beatty and Ms. Redish show that Mr. Decaria's story has many inconsistencies. He failed to report the injury for an entire month, and an investigation of the hospital records fail to show there was a patient matching the description given.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II